

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

PAUL WILSON,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC,
a Delaware limited liability company,

    Defendant.

CIVIL ACTION FILE

3:09-CV-78

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, ASSET ACCEPTANCE, LLC, is a limited liability company organized under the laws of the State of Delaware. [Hereinafter, said Defendant is referred to as "AAL"]

5. AAL transacts business in this state.

6. AAL's transactions in this state give rise to the Plaintiff's cause of action.

7. AAL is subject to the jurisdiction and venue of this Court.

8. AAL may be served by personal service upon its registered agent in the State of Delaware, to wit: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. Alternatively, AAL may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Delaware.

## FACTS COMMON TO ALL CAUSES

10. AAL uses the mails in its business.

11. AAL uses telephone communications in its business.

12. The principle purpose of AAL's business is the collection of debts.

13. AAL regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. AAL is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, AAL communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. For the last several years, AAL has been sending written collection letters to the Plaintiff in AAL's attempts to collect on an alleged debt.

17. In each of the letter, AAL asserts that Plaintiff owes an amount to AAL as payment for the alleged debt.

18. The alleged debt was incurred by the Plaintiff over 18 years ago.

19. The alleged debt was discharged in bankruptcy in December 1992.

20. AAL was informed by the Plaintiff numerous times that the debt had been discharged in bankruptcy.

21. AAL continued to make attempts to collect on the debt after being told the debt was discharged.

22. Knowing the debt was discharged, AAL continued to misrepresent the character and legal status of the alleged debt.

23. The collection of the alleged debt was not authorized by agreement or law.

24. Defendant's communications violate the Fair Debt Collection Practices Act.

25. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

26. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

27. Defendant's violations of the FDCPA include, but are not limited to, the following:

28. The false representation of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A); and

29.	The collection of an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

30.	As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)	That Plaintiff be awarded statutory damages;

b)	That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)	That the Court declare each and every defense raised by Defendant to be insufficient; and

d)	That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

_____
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax